State of New York, City of New York, ex rel. Campagna v Post Integrations, Inc. (2018 NY Slip Op 04827)





State of New York, City of New York, ex rel. Campagna v Post Integrations, Inc.


2018 NY Slip Op 04827


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6996 100516/14

[*1]State of New York, City of New York, ex rel. Leonard M. Campagna, Plaintiff-Respondent,
v
Post Integrations, Inc., et al., Defendants-Appellants. 
The City of New York, Amicus Curiae.


Hodgson Russ LLP, Buffalo (Aaron M. Saykin of counsel), for appellants.
Estes, Thorne & Carr PLLC, Dallas, TX (Luis G. Zambrano of the bar of the State of Texas, admitted pro hac vice, of counsel), and Law Offices of Joshua Parkhurst, New York (Joshua Parkhurst of counsel), for respondent.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for amicus curiae.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered October 12, 2017, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the claim brought under State Finance Law § 189(1)(g) and the complaint in its entirety as against defendant Ebocom, Inc., unanimously modified, on the law, to grant the motion as to Ebocom, and otherwise affirmed, without costs.
Contrary to defendants' argument, when the legislature amended the New York False Claims Act (NYFCA) in 2010 to apply to false tax claims (L 2010, ch 379, § 3, codified at State Finance Law § 189[4]; see People v Sprint Nextel Corp., 26 NY3d 98, 107 [2015], cert denied ___ US ___, 136 S Ct 2387 [2016]), it did not provide that NYFCA tax cases under section 189(1)(g) could be brought only against those who filed a tax-related document with New York State, and not against non-filers who otherwise made claims, records, or statements under the tax law. Rather, consistent with the statutory interpretation offered by the New York State Attorney General and the City of New York, such a case may be brought against a non-filer who is alleged to have made a "claim[], record[], or statement[] . . . under the tax law" (section 189[4][a][iii]). The instant complaint adequately alleges that defendants made "false record[s] or statement[s]" (section 189[1][g]) under the tax law that were not filed with New York State.
The complaint also adequately alleges that defendants have the requisite "nexus" with New York to be subject to the State's taxing power. The allegations, upon information and belief, that one or more of defendant Post Integrations, Inc.'s employees travel to New York to provide consulting services to clients over the course of multi-year contracts are sufficient, at this stage, to establish the nexus and to require discovery as to whether the "nature, continuity, frequency, and regularity" of their activities within New York are sufficient to constitute "doing business" within New York (20 NYCRR 1-3.2[b][2][i]; see Matter of Orvis Co. v Tax Appeals Trib. of State of N.Y., 86 NY2d 165, 180 [1995], cert denied 516 US 989 [1995]).
The allegations that defendants intentionally structured a scheme to avoid the obligation to pay taxes in New York, knowing that they were required to pay taxes in New York, establish scienter sufficiently to satisfy the pleading requirements for a claim under the NYFCA.
Issues of fact exist as to what amount, if any, of defendants' revenues from credit card processing services or other services would be subject to New York tax under the tax laws and [*2]allocation rules applicable during the relevant time frame.
The complaint fails to state a cause of action against defendant Ebocom. As a limited liability corporation, Ebocom is not subject to the franchise and corporate taxes at issue here, and no other basis is alleged for subjecting it to these taxes, such as that it made an affirmative election to be taxed as a C corporation for federal tax purposes.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK